## No. 2973.

### Mrs. J. Lavergne, Tutrix et al., v. Mrs. Numa Lacoste.

This suit is for the payment of a wall designated as A, for the value of a wall designated as B, and damages for closing windows or apertures in wall A. When wall A was built with windows by Blasco, the owner of the contiguous lot refused to pay for the wall. The owner of that lot, however, could always have made the wall a wall in common by paying for the half of its costs.

Subsequently Blasco sold the lot to the plaintiff, with the windows still in existence, and plaintiff purchased from Burgunder said adjoining lot upon which the wall rested for half of its thickness. Some years after, the plaintiff sold to defendant the Burgunder lot, the windows continuing open in the wall and the deed remaining silent concerning them. This sale did not relieve the owner of the Burgundy lot from paying for the wall in common, whenever he might desire to use it.

The right which the original owner had to make the wall a wall in common by paying for it, passed with the lot to the vendee, but nothing more. The vendor of the defendant did not sell this wall, but only the lot which he had bought from Burgunder.

There can be no question of servitude in this case. The wall belonged to plaintiff in full ownership, until the owner of the contiguous lot should pay for the half of it, and this right would exist so long as that wall stood. When paid for, the owner of the contiguous lot became the joint owner of the common wall and could use it as owner. He could therefore close the windows in order to use the wall as a wall in common.

It is evidently in derogation of common right to permit a man to appropriate the land of another without paying for it. But the law provides a *quid pro quo* to the proprietor whose rights of property are thus invaded, by giving him the right always to make it a common wall by refunding one-half of the cost thereof.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. E. Bermudez*, for plaintiff and appellant. *Johnson & Denis*, for defendant and appellee.

Wyly, J. This case is correctly stated by the learned judge *a quo*, and is as follows:

In 1841 one Blasco, being the owner of the lot now possessed by the plaintiffs, built a certain wall, half on his own lot and half on that of his neighbor. This was built at the exclusive cost of Blasco, his neighbor Leroy refusing to contribute towards its erection. In this

wall Blasco left three openings for purposes of ventilation. The plain-
tiffs derived title to the lot now owned by them from Blasco in 1859.
In the same year, and subsequent to the purchase from Blasco, the
plaintiffs acquired title to the contiguous lot owned by Leroy at the
time the wall was built; and in 1866 they sold the Leroy lot to the
defendant, Mrs. Emma Lacoste.

To understand plaintiffs' claim, it is proper to say that the wall
which constitutes the boundary between themselves and the defend-
ant is to a certain extent, to wit: forty-eight feet in length, one-half
on their ground and the other half on the lot of the defendant; the
remainder of the wall, measuring seventy-eight feet and six inches,
rests exclusively on the lot of the plaintiffs. At one point this last
mentioned part of the wall does not reach the dividing line.· It is
described thus in the petition: A "triangular strip of ground, meas-
uring at its base one inch and four lines, and narrowing as its altitude
extends to its apex on the rear line of said lot, a distance of seventy-
eight feet six inches." This space outside of the wall is almost imper-
ceptible, and it grows less until it reaches the line at the other end,
seventy-eight feet six inches distant.

For convenience we will designate that part of the wall resting
equally on the contiguous lots, a distance of forty-eight feet, as wall
A, and that part resting entirely on plaintiffs' lot, seventy-eight feet,
as wall B.

The defendant sought to make these walls walls in common, and the
plaintiffs brought this suit to compel him to pay half the value thereof,
and to restrain him from closing the three openings in the wall A, as
aforesaid.

The defendant tendered the value of wall B and of the small frac-
tion of ground extending outside of said wall, as aforesaid. And con-
cerning the sufficiency of this sum there is no controversy. We think
the defendant had the right to make this wall a wall in common, and
that he should pay the plaintiffs the amount he tendered, which is, at
least, the value thereof.

As to wall A, we will remark that Leroy, the owner, who refused to
contribute to the building thereof, had the right, under article 672 C.
C., to make it a wall in common by paying half of what was laid out
for its construction; and he had the right to close the three openings
therein. The moment he paid the half of the cost of the wall, his
right to it became as complete as if he had helped to construct it; and,
of course, if he had helped to construct it, the plaintiffs would have
had no right to the openings. Plaintiffs and their vendor had the right
to the openings as long as the wall belonged entirely to them; it was
a right resulting from the ownership of the wall. But this ownership,

to the extent of one-half of the wall, was liable to be divested by the owner of the contiguous lot making it a wall in common, pursuant to article 672 C. C. The moment the provisions of this article were complied with, the builder of the wall or his vendees ceased to be the sole owners, and with it they ceased to have a right to the openings therein.

The defendant has all the rights of the original owner, who refused to contribute to the building of the wall. Besides, she is not liable to the plaintiffs for the cost of this wall. Plaintiffs, the owners of both lots, sold the defendant the one she occupies, and with the lot passed all the improvements thereon, including half of the wall in question, because half thereof rested on the lot, and it was a part of the immovable. If plaintiffs had desired to preserve their right to the openings, they should have made the reservation thereof when they made the sale to the defendant. If they wished to prevent the defendant from using half of the wall, which she bought with the lot, they should have made a limitation to that effect, in respect to these openings, in the act of sale. In the absence of an express limitation, we are bound to recognize the right of the owner to the use and employment of his property.

It is therefore ordered that the judgment appealed from be reduced to $450, the value of wall B, which was tendered to the plaintiffs by the defendant, and as thus amended it is ordered that said judgment be affirmed, plaintiffs paying costs of both courts.

---

## ON REHEARING.

LUDELING, C. J. In 1841 Blasco bought a lot of ground on Chartres street, upon the lower side line of which he erected a building, the wall whereof was made to rest half on his own lot and half on the adjoining neighbor's, making in that wall three openings or windows, one in the second story, another in the third story, and a smaller one in the attics.

In 1859 this lot, with the buildings and improvements thereon, was acquired by the plaintiffs, the windows being still in existence.

In 1859 the plaintiff bought from Burgunder the lot adjoining Blasco's property, upon which the wall rested for half of its thickness and upon which these windows opened.

Subsequently, in 1866, the plaintiffs, then and now minors, sold to the defendant the Burgunder lot, the windows continuing to remain open in the wall and the deed remaining silent concerning them.

Immediately after the purchase the defendant caused buildings to be erected on the whole side of the Blasco lot, resting them on the main

wall A, and also on another wall B, which is built exclusively on the Blasco lot. Her construction resting upon wall A completely closed the window of the second story of the said division wall A.

This suit is for the payment of wall A, for the value of wall B, and for damages for closing the windows in wall A.

The judgment of the district court decreed the defendant to pay the cost of wall A and the value of wall B, and refused damages for closing the windows.

In our former opinion and decree we refused to allow the plaintiff anything for the half of the cost of wall A. This was an error. When wall A was built, the owner of the contiguous lot refused to pay for the wall. The owner of that lot, however, could always make the wall a wall in common by paying the half of its costs. He sold the lot to the plaintiff, who subsequently sold it to the defendant. Did said sales relieve the owner of the Burgunder lot from paying for the wall in common when he desired to use it? We think not. The right which the original owner had to make the wall a wall in common by paying for it, passed with the lot to the vendee, but nothing more. The vendor of the defendant did not sell his wall, but only the lot which he had bought from Burgunder.

The plaintiff claims that the windows in wall A had existed at the time of the sale of the property to defendant for more than ten years, and were apparent signs of a continuous servitude; and as the title from them to defendant is silent as to this servitude, it must, under article 765 C. C., continue to exist. This is an error. There can be no question of servitude in the case. The wall belonged to the plaintiff in full ownership, until the owner of the contiguous lot should pay for the half of it, and this right would exist so long as that wall stood. When he paid his share of the cost of construction, the owner of the contiguous lot became the joint owner of the wall in common, and could use it as owner. C. C. 675,676; 11 An. 465.

"Neither of the two neighbors can make any cavity within the body of the wall held by them in common, nor can he affix to it any work without the consent of the other, or without having, on his refusal, caused the necessary precaution to be used, so that the new work be not an injury to the rights of the other, to be ascertained by persons skilled in building." C. C. 685. He could, therefore, close the windows in order to use the walls as a wall in common. 7 An. 685; Fish v. Haber.

The rule in regard to walls in common is one of public policy, and was intended to encourage the improvement of urban property. Larche v. Jackson, 9 M. 726. It is evidently in derogation of common right, inasmuch as it permits one man to appropriate the land of another

without paying for it. But the law provides a *quid pro quo* to the proprietor, whose rights of property are thus invaded, by giving him the right always *(conserve toujours le droit)* to make it a common wall by refunding one-half of the cost thereof.

It is therefore ordered and adjudged that our former decree be set aside, and that the judgment of the lower court be affirmed, appellant paying costs of appeal.

Mr. Justice WYLY adheres to the original decree.