Goodwin et als. vs. Alexander.

No. 13,672.

MRS. HENRY GOODWIN ET ALS. VS. MRS. WM. ALEXANDER.

## SYLLABUS.

1.  Where the Court of Appeal and this court have held that an appeal in a particular case, returnable to one court or the other, is not returnable to the Court of Appeal, the arguments, presented by the counsel for the appellant, to maintain the appeal which had been returned to the court first mentioned, will not be held to preclude him from appealing to this court after the dismissal of the appeal first taken, the delay for such second appeal not having expired.

2.  "The prohibition of building on an estate or of building above a particular height" is a continuous, non-apparent, servitude, "which can be established only by title," and is not included in any servitude of light and view which can be acquired by prescription.

APPEAL from the Civil District Court, Parish of Orleans—*St. Paul, J.*

*Theodore Colonio,* for Plaintiffs, Appellants.

*McCloskey & Benedict,* for Defendant, Appellee.

The opinion of the court was delivered by

MONROE, J.  Plaintiffs own a frame house, on Washington avenue, between St. Charles avenue and Carondelet street, in New Orleans, which stands about six inches within the line which divides their lot from that of the defendant.  The house has been standing in its present position for more than thirty years, and, during that time, has had a window, the sill of which is about six feet from the ground, with blinds opening out, in the side next to the defendant's, so that the blinds, if opened more than six inches, pass over the defendant's property.  We infer that there was some trouble between the parties, or, perhaps, between the defendant and the plaintiffs' tenant, prior to the occurrence out of which this suit arises.  But, in January, 1899, the defendant caused a frame, or screen, consisting of two pieces of scantling, about ten feet long and four feet apart, with boards nailed across their upper ends for a distance of about two and a half feet, to be fixed in the ground upon the line of her property, and immediately in front of the plaintiffs' window, for the purpose, and with the effect, of preventing the opening of the blinds and of cutting off the view into her

premises through said window. This screen, either when originally put up, or shortly after, leaned about three and a half inches in the direction of the plaintiff's house, so that, whilst the base was six inches away, the upper end came within an inch of the window blinds. In fact, it is said that it, at first, touched the blinds, but we are not satisfied that such was the case. Later on, in November, 1899, the screen was straightened up, and has since stood entirely on, or within, the defendant's line. In the meanwhile, in March, 1899, plaintiffs brought this suit, in which they claim to have acquired a servitude of light and view, through the window in question, by reason of the prescription of thirty years. And they claim, as damages, ten dollars per day, from January 6, 1899, the date at which the screen was erected, and $1000 as "punitory and vindictive" damages. And they pray that said screen be removed and that defendant be restrained from interfering with their enjoyment of the said servitude claimed by them. On behalf of the defendant there is an exception of no cause of action and a general denial. The tenant now occupying the plaintiffs' house testifies that since the screen was put up she has demanded, and has obtained, an abatement of $2 per month in the rent. Such is the case as presented by the record.

## ON MOTION TO DISMISS THE APPEAL.

There was judgment in the District Court in favor of the defendant, and the plaintiffs appealed to the Court of Appeal. The appellee thereupon moved to dismiss, upon the ground that jurisdiction *quoad* said appeal was vested in this court; and the motion prevailed. Thereupon, an application was made to this court for a writ of review, which was denied. In the matter of taking the appeal as he did, and of the attempt to maintain it, the plaintiffs' counsel seems to have taken the position that the damage as fixed by the allegations of the petition was exclusive of the $10 per day which are claimed, and, upon that basis, amounted to less than $2000; but it was held otherwise. Counsel for defendant now insists that, whilst, upon the face of the pleadings, the amount claimed exceeded $2000, and hence the appellate jurisdiction was vested in this court, and the appeal to the Court of Appeal was properly dismissed, yet, that the plaintiffs, through their counsel, have since then admitted, virtually, that part of the claim for damages, as made in their petition, is fictitious; and that the amount seriously claimed is less than $2000; that the question whether the appeal is returnable to this court or to the Court of Appeal is to be determined

upon the basis of the amount in dispute, when such appeal was taken, and that as said admission was made before the present appeal was taken, it follows that this court is without jurisdiction. There is much ingenuity in this argument, but our conclusion is, that, if, as the result, or in spite, of the admissions and contentions of the plaintiffs' counsel, it has been adjudged by the Court of Appeal, and, practically, by this court, that this court, alone, is vested with jurisdiction of the appeal, those admissions and contentions can not now be made instrumentalities for defeating the appeal taken in accordance with the judgments so rendered. The motion to dismiss is, therefore, denied.

## On the Merits.

"The ownership of the soil carries with it all that is directly above and under it." C. C. 505. "The prohibition of building on an estate, or of building above a particular height," is a continuous, non-apparent, servitude, which "can be established only by title. Immemorial possession itself is not sufficient to acquire it." C. C. 728, 766. No servitude of light and. view, such as plaintiffs claim to have acquired by prescription, can include this servitude of "prohibition" which can not be so acquired. Mourlon, Vol. 1, p. 861; Laurent, Vol. 8, p. 54; Oldstein vs. Building Association, 44 Ann. 492. In Jeannin vs. De-Blanc, 11 Ann. 466, Mr. Justice Spofford, as the organ of this court, said: "By the same right that defendant builds a wall with apertures, undoubtedly, the plaintiff may build one, facing it, without apertures, if it shall so please him." So, in this case, by the same right that the plaintiffs' authors built the house now owned by them with apertures overlooking the adjoining lot, undoubtedly, the owners of the adjoining lot might, or may, build a house, or any other structure, facing those apertures, if it shall so please them. And this last mentioned right is never barred by prescription.

Plaintiffs' claim for damages has no other foundation than the fact that, for a while, the screen erected leaned three and a half inches over the line, and we are unable to discover that any damage was sustained on that account. The main complaint is that the screen, whether perpendicular, or leaning as it was, cuts off the light and view and prevents the opening of the blinds, and this complaint is unfounded in law.

Judgment affirmed.

Rehearing refused.

Provosty, J., takes no part.