(33 South. 103.)

No. 14,192.

RIBET v. HOWARD.*

(Nov. 17, 1902.)

PARTY WALLS—EASEMENTS—LIGHT AND AIR—
DESTINATION—NONAPPARENT
SERVITUDES.

1. Where a wall of a brick house rests partly upon urban lot B and partly upon urban lot A, as walls in common are usually constructed, but there is no evidence as to when or by whom the house was built, or by whom the wall was paid for, it will not be assumed that the owner of the lot adjoining that upon which the house stands has forfeited his right to make such wall a wall in common, or that the same is barred by prescription.

2. In such case, where it appears that a former owner acquired the two lots at different times, and that his successors in title adjudicated lot B, at the same public offering, to one purchaser and lot A to another, there is no servitude of light or view established in favor of the opening in the wall of the house on lot B, but the purchaser of lot A acquires the rights of the original owner with respect to making such wall a wall in common, and to building to suit himself within the limits of his lot.

3. Even assuming that the relation between the two lots had been established by the vendors, the destination made by the owner is equivalent to title with respect only to continuous apparent servitudes, whilst the prohibition of building on an estate is a nonapparent servitude, and, whether continuous or discontinuous, can be acquired only by title.

(Syllabus by the Court.)

Appeal from civil district court, parish of Orleans; John St. Paul, Judge.

Action by Alexis Ribet against Mrs. Louise Caroline Howard. From a judgment for defendant, plaintiff appeals. Affirmed.

Charles Louque and Clegg & Quintero, for appellant. Omer Villeré, for appellee.

### Statement of the Case.

MONROE, J. The plaintiff asks that the defendant be condemned to tear down the wooden building erected by her on the lot adjoining his property in so far as it interferes with the light and view in and from the second-story window of his house, and that she be condemned to pay $10 a month from January, 1895, until she complies with such judgment, in the way of damages.

*Rehearing denied December 15, 1902.

The defense set up is that the plaintiff is estopped by reason of the fact that he at one time brought suit to recover from defendant part of the cost of the wall, constituting the side of his house, on the ground that she had made it a wall in common, which suit was, however, discontinued; that no servitude of light and view was established over her property, or, if any was established, that she was not aware of it, and would not have bought the property had she been so informed; and that, as the owner of a lot in a city, she has the right to build thereon as high as she pleases, and may use her neighbor's wall, if it be not already a wall in common, upon paying half of its value.

The undisputed facts are that in May, 1884, two lots, B and A, adjoining each other, and owned in indivision by the same parties, together with the improvements thereon, were offered for sale at auction, and were adjudicated, upon the same offering, lot B first to plaintiff, and then lot A to the defendant. Philip Avegno had acquired lot B in 1822 and lot A in 1852, and both lots were sold by his executor, in 1862, to George Binder, who, in 1864, sold them to Mrs. V. A. Gautreau and Valentine Avegno, and the title was thereafter held by the parties last named and their transferees in indivision. There is nothing in the record to indicate at what time the buildings were erected; but it is admitted that they were in existence when the litigants now before the court acquired the property, and it is shown that the building on lot B then had a window in the second story, which opened over the roof of the one-story building on lot A, and that the light and view therefrom was cut off in 1895 by an additional story superimposed on the said one-story building by the defendant. It is also shown that in 1897 the plaintiff brought suit, alleging that he was the owner of the wall through which the window had opened, and that the defendant had built against it, but refused to pay part of its value as a condition to making it a wall in common, and praying for judgment against her for a sum exceeding $100 on that account. To which, after certain exceptions, the defendant filed a general denial. This was followed by a trial, resulting in a judgment for plaintiff, but a new trial was granted, and the suit was discontinued, and the plaintiff thereafter, in

1901, brought the present action. According to the titles and the plan, by which the parties acquired, the line between the two lots runs from front to rear through the middle of the brick wall forming the side of plaintiff's house, and, as the defendant's house is built of wood, it would seem to follow that the wooden wall or side adjoining said brick wall is inside the property line called for by her title.

### Opinion.

Counsel for defendant states in his brief that Philip Avegno built the house on lot B, and made openings in the wall, more than 50 years ago; but the record is silent upon that subject. The result, however, is the same, for, in the absence of evidence as to when or by whom either of the houses was built, or by whom the wall was paid for, and in view of the fact that the wall stands partly on lot B and partly on lot A, it will not be assumed that the right, which the owner of lot A unquestionably had, to make the wall a wall in common, was forfeited or barred by prescription, but, on the contrary, it must be assumed that he conveyed that right, with the lot, to Avegno; and, if Avegno had subsequently sold the lot without reservation, he would have conveyed the same right to his vendee, and could not thereafter have maintained the openings in the wall of his house on lot B as a servitude on lot A, either by destination of the owner or right of prescription, but only subject to the right so conveyed. That issue was distinctly presented to this court, and it was said: "There can be no question of servitude in the case. The wall belonged to the owner until the owner of the contiguous tract should pay for the half of it, and this right would exist so long as the wall stood." Lavergne v. Lacoste, 26 La. Ann. 510.

Nor does it make any difference · that in this case lot B was sold by Avegno's successor in title before lot A, since, even assuming that the relation between the two lots had been established by them, "the destination made by the owner is equivalent to title with respect only to continuous apparent servitudes" (Civ. Code, art. 767), whilst the "prohibition of building on an estate" is a nonapparent servitude, and, whether continuous or discontinuous, "can be established

only by title. Immemorial possession itself is not sufficient to acquire" it. Civ. Code, arts. 505, 727, 728, 766; Goodwin v. Alexander, 105 La. 660, 30 South. 102.

For these reasons the judgment appealed from is affirmed, at the cost of the appellants.