————O————

No. 3538.

(Court of Appeal, Parish of Orleans).

GLOBE REALTY COMPANY, LIMITED, vs. MRS. CAROLINE COTONIO.

Appeal from Civil District Court, Division "B."

F. Rivers Richardson & D. B. H. Chaffe, Plaintiff, Appellee.

Rufus E. Foster, Intervenor, Appellee.

Theo. Cotonio and R. J. Maloney, Defendant and Appellant.

On Motion to Dismiss.

Appellate jurisdiction is to be tested by the value of what is claimed in the petition. and whatever may be the amount of the judgment given,

either party has the right to appeal.

DUFOUR, J. It is urged that we are without jurisdiction *natione materia,* because the suit is one to enforce a legal tender of redemption in an amount of twenty dollars.

The suit goes beyond that, and the petition filed July 31st, 1899, asks for three dollars per month from June 17th, 1899, until delivery of property: Appellate jurisdiction is to be tested by the value of what is claimed in the petition, and whatever may be the amount of the judgment given; either party has the right to appeal.

Rent for over five years at three dollars per month is the amount in dispute. Sec. No. 2258 of our docket; Goodwin vs. Alexander, 105 La. 658.

Motion denied.

November 14th, 1904.

## On the Merits.

1. Wherever parties have attempted to form a corporation, and have executed, recorded and published the charter, all contracts made and Acts done by such corporations, shall be treated as the contracts Acts of valid corporations so far as affects the rights and obligations of the corporation and its stockholders. Sec. 2, Act 78 of 1904.

2. Where the delinquent tax debtor whose property has been sold for taxes, conveys, within the prescribed period of redemption, the property to a person other that the tax sale adjudicates; and where this act of conventional sale is duly recorded, the person thus acquiring the property cannot be defeated in his right of redemption by the defaulting tax debtor executing a prior promise of sale or a promise of confirmation of the tax sale to the tax purchaser, which is recorded subsequent to the recording of the former's title.

MOORE, J. This is a suit to enforce the acceptance of a legal tender made to defendant of the amount necessary to redeem a

certain piece of property situated in the City of New Orleans and which was acquired by the defendant at a tax sale.

The adjudication was made to satisfy State taxes due for the year 1879, assessed against one Elizabeth Parker, the then owner.

The sale was made on the 24th day of June, 1898, and the tax deed was duly recorded the following day.

On the 17th day of June, 1899, Elizabeth Parker conveyed by Notarial act all her rights, title and interest in the property to the Globe Realty Co., Limited, the plaintiff herein; this act of sale being duly recorded the same day.

Three days thereafter, to-wit, on the 20th day of June, 1899, and subsequently, to-wit, on the 22nd and 23rd of that month and year, (all within a period of 12 months from the registry of defendant's tax deed,) the plaintiff, as the purchaser of the property from Elizabeth Parker, made due and formal tenders to defendant of the amount necessary to redeem the tax sale, which tenders were refused, thereupon the plaintiff caused the notarial act of tender which had been made to be duly recorded on the 23rd day of June, 1897.

Under this state of facts, which is abundantly established by the evidence, the judgment appealed from and which was in plaintiff's favor, must be affirmed, unless there is merit in defendant's contention to the effect.

1st. That the plaintiff, claiming to be a limited corporation created under the provisions of Act No. 36 of 1888, is without corporate existence for as much as it had not a bona fide subscription to its capital stock of at least $5000.00, which this act requires as a condition precedent to corporate existence; and that hence it could not enter any valid contract or do any valid acts.

2nd. That defendant herself had acquired this property by conventional sale from Elizabeth Parker subsequent to defendant's acquisition thereof under the tax sale, and anterior to plain-

108

tiffs purchase; and this to the knowledge of the plaintiff which thus precluded any valid purchase of the property by it.

The objection first stated was urged *in limine* by way of exception and was considered by us when this case was before us on the first appeal, (the present being the third appeal prosecuted herein.)

We then held that a bono fide subscription of at least $5,000.00 to the capital stock of a corporation created under the Act of 1888, was an essential prerequisite to corporate existence and that as all evidence tendered by the defendant to show non-compliance with this essential on the part of the plaintiff had been rejected by the lower Court, we remanded the cause with instructions to admit the evidence.

On the second appeal the record revealed that the exception of want of corporate capacity had not been primarily determined, by the lower Court but had been referred to the merits. We held that as this exception affected the very foundation of the suit it should have been decided. *in limine*, and we again remanded the cause with instructions that the exception be tried and ruled on and for such further judgment as the law and the evidence may warrant.

On the last trial the exceptions were taken up and tried and overruled and on the trial of the merits a judgment, as stated, was rendered in plaintiff's favor. The present is the appeal from that judgment.

In our opinion the question of the corporate capacity of the plaintiff *quoad* the validity of its contracts and acts has, since the passage of the Act of 1904 (Act No. 78), entirely passed out of the case. Section 2, of that Act, provides "that wherever parties have attempted to form a corporation and have executed, recorded and published the charter, all contracts made and acts done by such corporations shall be treated as the contracts and acts of valid corporations so far as affcets the rights and obliga-

tions of the corporation and its stock-holders. * * *"

The plaintiff's stockholders it is shown did at least attempt to form a corporation; they have executed, recorded and published the charter, hence all the contracts which they have made, including the contract of sale from Elizabeth Parker, and all acts done, including the acts of tender for the redemption of the property, are by this statute to be treated as the contracts and acts of a valid corporation so far as affects the rights and obligations of the corporation and its stockholders.

As to defendant's second contention, we find same absolutely without merit.

The defendant had no conventional sale of this property from Elizabeth Parker.

True it is that on the 5th day of June, 1899, Elizabeth Parker agreed in writing with the defendant that in consideration of $40.00, to be paid her, she would ratify and confirm the tax sale and would make and execute proper deeds to end" to the defendant. This is at best but a promise of sale or promise to confirm a sale upon certain conditions. The conditions so far as the record discloses were never carried out and this document was not put of record in the recorder's office until the 20th day of June, 1899, three days after the act of sale from Elizabeth Parker to the plaintiff had been recorded.

Nor is there any evidence whatsoever to show knowledge of the existence of this promise to sell or promise to confirm, on the part of the plaintiff company.

The defendant and appellee presses upon consideration certain bills of exception taken by her to the ruling of the trial Judge allowing the introduction in evidence of the testimony of several witnesses who had been examined on a previous trial of the cause, no proof having been administered that the witnesses had died or for other cause could not be produced.

The necessity for passing on these bills is obviated, forasmuch

110

as in the consideration of the appeal we confined ourselves to the evidence which was administered *de novo* and in that evidence we found full warrant for stating the, facts as above recited.

The judgment appealed from is affirmed.

January 23rd, 1905.