### TEMPLEMAN v. TEMPLEMAN BROS., Inc.
### No. 14998.

Court of Appeal of Louisiana. Orleans.
· April 29, 1935.

See, also  (La. App.) 156 So. 824.

Maurice B. Gatlin, of New Orleans. for appellant.

Prowell & McBride, of New Orleans, for appellee.

JANVIER, Judge.

This matter comes before us on motion to dismiss the appeal because of our alleged lack of jurisdiction. The suit is one for the return of money loaned. The amount claimed in the petition is $3,000.06.

There was judgment below for plaintiff for $504.98. Defendant appealed to this court, and plaintiff-appellee moves to dismiss the appeal on the ground that the amount in dispute, $3,000.06, is in excess of our maximum jurisdictional limit. Appellant, in answer to the motion to dismiss, makes the following statement:

"While the original suit in this matter was for the sum of $3,000.06 the trial judge expressly ruled that plaintiff and appellee failed to prove his cause of action and that defendant was not liable for that amount, but in the course of the trial it was disclosed that there was a fund of $500.00 due by defendant and appellant to plaintiff and appellee, (the correctness of which findings defendant-appellant denies) and it is the ruling of the Honorable Trial Judge giving judgment in favor of plaintiff and appellee in the sum of $500.00 in an entirely different matter that defendant and appellant complains of and consequently defendant and appellant is in this Court purely and simply in connection with the claim of $500.00 for which the trial judge gave judgment in favor of the plaintiff and which was not asked for nor mentioned in the suit which the plaintiff filed herein."

But appellant overlooks the fact that when the matter was submitted below the sum in dispute was the amount originally claimed, to wit, $3,000.06, and, so far as the record shows, this is still the amount in dispute. We find no remittitur, or stipulation reducing the claim of $504.98 and, within the legal delays, appellee might by answer to the appeal, request that the judgment be increased to the amount originally prayed for. C. P. art. 890.

The amount originally prayed for is in excess of our maximum jurisdictional limit. Const. 1921, art. 7, §§ 10, 29.

Exercising the discretion vested in us by Act No. 19 of 1912, we will transfer the matter to the Supreme Court.

It is therefore ordered, adjudged, and decreed that this appeal be, and it is transferred to the Supreme Court of Louisiana to be disposed of according to law; the transfer to be made within sixty days after this judgment becomes final, and, if not so made, then the appeal to be deemed dismissed; defendant-appellant to pay the costs of appeal in this court and the remaining costs to await final determination of the matter.

Appeal transferred to Supreme Court.