PER CURIAM.
Arthur Dabbs has applied for a writ of mandamus to force the lower court to grant to him a devolutive appeal to this court from a judgment for $500.00 rendered against him in the matter entitled, “Albert D. Hamilton vs. Arthur Dabbs, doing business as Arthur Dabbs Auto Sales,” No. 288-366 of the docket of the Civil District Court for the Parish of Orleans, the judgment having been signed on June 1, 1949.
Relator took .two previous appeals from the same judgment. On June 9, 1949, he secured an order for a suspensive appeal, returnable to the Supreme Court, and on the same day furnished the required bond. This appeal was never lodged in the Supreme Court.
On November 17, 1949, defendant applied for and obtained an order for a devolutive appeal returnable to the Supreme Court, and ultimately the transcript was filed under docket No. 39,727.
*898 On February 13, 1950, - La. —, 44 So.2d 896, the Supreme Court dismissed the said devolutive appeal, for the reason that where a suspensive appeal has been perfected by giving bond, but abandoned by failure to file the transcript within three judicial days after the return day (if no extension of time has been granted), the appellant cannot afterwards take a de-volutive appeal from the same judgment.
On February 14, 1950, Dabbs sought to appeal devolutively from the same judgment to this Court. The appeal was refused by the judge below, hence, this application for mandamus.
Relator contends that the matter involves a .demand not in excess of $2000.00, which is below the maximum amount of which the Supreme Court has jurisdiction, and, therefore, his two previous appeals, which were taken to a court without jurisdiction, amounted to no appeal at all, and that he is entitled to appeal to this court, which has jurisdiction. We are cited to the case of Opelousas St. Landry Bank & Trust Co. v. Fontenot et al., 173 La. 430, 137 So. 339, in which it was held that an appeal taken to the wrong court virtually amounts to no appeal at all, and may be ignored by the party taking it, and another appeal, notwithstanding the first one, may be timely taken and perfected to the proper court even though the first appeal was dismissed because the transcript was not filed in time.
The suit against relator was brought by a plaintiff who avers he purchased an automobile from relator, in which suit he seeks a rescission of the sale because of fraud, and further judgment in the sum of $2774.85.
Relator’s position is that under the evidence adduced at the trial, under no circumstances could a judgment of more than $2000.00 have been rendered, and that as the amount involved at the moment of the submission of the case did not exceed that sum, this court and not the Supreme Court had appellate jurisdiction.
The amount demanded and the prayer of the petition bring the matter within the jurisdiction of the Supreme Court. Const. 1921, art. 7, sec. 10. There were no pleadings filed nor stipulations made which so limit the issues as to place a part of plaintiff’s demand beyond the realm of dispute, a part sufficient in amount to take the demand out of the jurisdiction of the Supreme Court.
In determining its jurisdiction, an appellate court does not possess the power or authority to trench upon the merits of the case. We have no concern with the question whether the evidence is sufficient only to support a judgment of $2000.00 or less. The amount originally claimed, which is the amount in dispute, is the criterion for ascertaining appellate jurisdiction.
In Templeman v. Templeman Bros., 161 So. 48, 49, we said:
“ * * * when the matter was submitted below the sum in dispute was the amount originally claimed, to wit, $3,000.00, and, so far as the record shows, this is still the amount in dispute.
“We find no remittitur, or stipulation reducing the claim of $504.'98 and, within the legal delays, appellee might by answer to the appeal, request that the judgment be increased to the amount originally prayed for. C.P. art. 890.”
Having no jurisdiction of this litigation, the writs applied for are refused, and relator’s application is dismissed at his cost.
Application for writ of mandamus denied.