OVERTON^ J.
 

 Plaintiff recovered judgment against Honoré Fusilier, one of the defendants in the above numbered and entitled suit, for the sum of $6,000, and caused a writ of fieri facias to issue from the judgment recovered by it. Under this writ the sheriff seized, as belonging to Honoré Fusilier, an iron safe and its contents; the contents, in so far as it is necessary to mention them, consisting of money and promissory notes. Shortly after the seizure was made, Émar Fusilier, a son of Honoré Fusilier, filed an affidavit with the sheriff claiming a part of the property seized. After the seizure was made, and after Emar Fusilier had made the affidavit mentioned, and the safe had been opened and its contents inventoried, plaintiff filed a rule against-the sheriff and against Honoré and Emar Fusilier to show cause why the sheriff should not pay to it, and credit the writ of fieri facias with the money found in said safe, aggregating the sum of $992.95, which money plaintiff alleges belongs to its judgment debtor, Honoré Fusilier; and why the sheriff should not proceed to sell, in execution of said writ, the remaining property, found in said safe, as the property of Honoré Fusilier, with the exception of a certain part thereof, which plaintiff describes and admits belongs to Emar Fusilier.
 

 Honoré Fusilier filed an answer to this rule in which he avers that $849 of the money, which the sheriff claims to have seized as part of the contents of said safe, belongs to Emar Fusilier; that $135 of the remainder of the money found therein was delivered by him, in trust, to Emar Fusilier, to be used for a specified purpose, and that the rest of the money found in said safe, as well as the other property found therein, with the exception of that which plaintiff admits belongs to Emar Fusilier, was delivered by him for safe-keeping to said Emar Fusilier, and that the seizure thereof was illegally made, and is null and void; that the ijroperty seized, which belongs to him, should be returned to him, because of the illegal seizure made; and he prays for judgment, in ’ reconvention, ordering the sheriff to return it to him.
 

 Emar Fusilier also filed an answer to the rule filed by plaintiff, in which he avers that he is the owner of the $840, mentioned above, and that the $135, also mentioned above, should be returned to him to the end that it may be used for the purpose for which it was delivered to him, and he prays for judgment in reconvention ordering that said sums, as well ás the property, which plaintiff admits belongs to him, be returned to him.
 

 The rule was tried, and on June 24, 1924, judgment was rendered in favor of plaintiff, ordering that the money found in said safe be paid to plaintiff and credited on said
 
 *433
 
 writ, and that the remainder of the property found therein, except that part of it which plaintiff admits is the property of Emar Fusilier, he sold to satisfy the remainder of the judgment against Honoré Fusilier; the trial court having found that all of the property contained in said safe, with the exception noted, was the property of said Honoré Fusilier, and that the seizure thereof was valid.
 

 Both Honoré and Emar Fusilier obtained an appeal from the judgment rendered, returnable to the Court of Appeal for the First Circuit, and though they perfected the appeal by furnishing bond, they failed to file the transcript thereof in the appellate court until after the return day had expired. On motion of plaintiff, the Court of Appeal (1 La. App. 195), because of the failure of the appellants to file the transcript timely, dismissed the appeal. The appellants, that is, the Fusiliers,' then applied to this court for a writ of certiorari for the purpose of having the ruling of the Court of Appeal reviewed and set aside, 'but the application was denied. The Fusiliers then, to wit, on March 30,1925, within one year after the judgment was rendered against them on the rule, filed by plaintiff, which was within the time fixed by law for the taking of a devolutive appeal, applied to the trial court and obtained an order for a devolutive appeal from the judgment rendered against them on said rule, returnable for the first time to this court.
 

 Plaintiff and appellee has appeared in this court and moved to dismiss this last appeal on the following grounds, to wit:
 

 “(1) That on June 25, 1924, said Honoré Fusilier and said Emar Fusilier were granted by the District Court, on their motion, appeals suspensive and devolutive, returnable to the Court of Appeal, First Circuit, on August 18, 1924; that they, perfected said appeals by giving bond, but the transcript of said appeal was not filed until- October 17, 1924; that the Court of Appeal sustained mover’s motion to dismiss said appeals; that this Court on March 12, 1925, refused appellants’ application for a writ of certiorari to review the judgment of the Court of Appeal; and that the failure of appellants to file the transcript in time constituted an abandonment of the appeal, which cannot now be renewed.
 

 “(2) That the amount in dispute in each of said appeals is below the jurisdictional limit of this court.”
 

 The question to be answered is whether or not the appeal taken to this court should be dismissed upon either or both of the grounds quoted above. In passing upon the motion to dismiss, we deem it preferable to pass first upon the second ground, set forth therein, that is, upon the ground that the amount in dispute in each of said appeals is below the jurisdictional limit of this court.
 

 Subject to certain exceptions, unnecessary to notice, the appellate jurisdiction of this court and of the Courts of Appeal is determined by the amount in dispute. When the amount in dispute exceeds §2,000, exclusive of interest, this court has jurisdiction of the appeal. When it is $2,000, or below that amount, but in excess of $100, exclusive of interest, the Court of Appeal has jurisdiction. Constitution of 1921, art. 7, §§ 10 and 29. The amount in dispute is determined by the amount at issue at the time the case is submitted for decision. Crowell & Spencer Lumber Co. v. Lynch, 157 La. 21, 101 So. 797; Nelson et al. v. Continental Asphalt & Petroleum Co. et al., 157 La. 491, 102 So. 583.
 

 From the foregoing it is "obvious that it is necessary to ascertain what was the
 
 *435
 
 amount, or value, of the right or thing at issue at the time the rule was submitted for decision. In making this inquiry it is necessary .to inquire, first, into plaintiff’s demand, and, then, into the issue as made up on that demand. As we have seen, plaintiff filed its rule for the purpose of recovering judgment against the sheriff and the Fusiliers, ordering the sheriff to pay to it, and to credit on said writ, the money found in said safe, amounting to $992.95, and to sell the remainder of said property, found in said safe, with the exception of a certain part thereof, admitted to belong to Emar Fusilier, to satisfy, after the crediting of said amount, the balance of said judgment. Hence, it appears that plaintiff, by means of the rule filed by it, is seeking to subject to the satisfaction of the $6,000 judgment, procured by it, $992.95 in money and the remainder of the property found in said safe, with the exception of that part of the latter which it admits belongs to Emar Fusilier. As relates to the value of the remainder of the property found in said safe, it appears that the sheriff made an inventory of the contents of the safe, after the seizure was made. The inventory, ‘so made, shows that the property found therein, not including either the money or that part of the property which plaintiff admits 'belongs to Emar Fusilier, was listed at an amount exceeding $10,000. Hence, it appears that plaintiff is seeking to subject to the payment of its judgment property which, including the money found in said safe, approaches apparently, in value, $11,000. But plaintiff says in its brief that the property listed in said inventory at an amount exceeding $10,000. has since been^ sold by the sheriff and brought only $1,899.Í7, and urges that this amount, instead of the amount for which the property was listed, shows the true value of that property. While the record does not disclose whether any of the property has been sold, still were we to accept, as the value of the property listed at over .$10,000, the $1,899.17 which it is said to have brought, the fact nevertheless remains that plaintiff is seeking to subject to the payment of its judgment, by the rule filed by it, property which, including the money found in the safe, exceeds $2,000, for the money so found, added to the amount which the remaining property is said to have brought, exceeds that sum. Hence, it appears that in order to satisfy a judgment, amounting to $6,000, plaintiff is seeking to subject to the payment of that judgment, by the rule filed by it, property exceeding in value, from any standpoint, $2,000, which, in view of the amount of the judgment to be satisfied, brings the demand within our jurisdiction, unless there should be something in the answers filed which so limits the issue as to place a part of plaintiff’s demand beyond the realm of dispute, a part sufficient in amount to take the demand out of our jurisdiction. We find nothing such in the answers filed. It is true that one of the defendants in rule, Emar Fusilier, claims less than $1,000 of the property seized, and demands in reconvention that this amount be returned to him, and it is also true that another of the defendants, Honoré Fusilier, claims, in like manner, that property which, if we accept as its true value the amount for which it is said to have been sold, is less than $2,000, should be returned to him, because of its illegal seizure, still nevertheless, if the contentions of both of these defendants should be sustained -on the hearing on the merits, the result will’ be that property exceeding $2,000 in value will be released from seizure. Hence, it appears that there is nothing in the answers filed which reduces the amount in dispute below an amount exceeding $2,000, the minimum of
 
 *437
 
 our jurisdiction. Tlie most that can be said is that Emar Fusilier demands, by way of reconvention, that a part of the property and money seized, amounting to less than $1,000, be returned to him, and that Honoré Fusilier also demands, by way of reconvention, that property worth something less than $2,000 be returned to him; but these demands are only reconventional demands, which do not control our jurisdiction. It is the main demand that controls the jurisdiction of this court and the Courts of Appeal. Reeonventional and other incidental demands merely follow the main demand, where the latter is appealable. Constitution of 1921, art. 7, § 1.
 

 The remaining ground, to be considered, for the dismissal of the appeal, is the first one set out in the motion to dismiss, that is, the one that the Fusiliers having appealed to the Court of Appeal, and having failed to filé the transcript in that court in time, have abandoned the appeal, and cannot renew it. Plaintiff cites in support of this position article 594 of the Code of Practice, which reads;
 

 “From the moment when the citation of appeal is served on the appellee, the appellant can not withdraw his appeal; and whether the appellee obtain the rejection of the appeal by producing the record from the court below, or prosecute execution on the judgment appealed from, on the certificate of the clerk that the record has not been brought up by the appellant, the appeal shall be considered as abandoned, and the appellant shall not be afterward allowed to renew it.”
 

 Plaintiff also cites in support of its position Edenborn v. Kirkland, 136 La. 1020, 68 So. Ill, 112. In that case it was held that “after a first appeal has been taken and perfected by the giving of bond and has been abandoned by not filing the transcript in time, another appeal is not allowable,” and it is there said that “the settled jurisprudence is to that effect,” • citing numerous authorities. Unquestionably, the law is as above stated, but it is not applicable to a case where the first appeal was taken to a court which had no jurisdiction of it, which is the case here. Where the appeal is taken to the wrong court, it virtually amounts to no appeal at all, and may be even ignored by the party taking it, and another appeal, notwithstanding the first one, may be taken and perfected to the proper court, and this may be done even though the first appeal was dismissed over the protest of the appellant because the transcript was not filed in time, provided the appeal to the proper court be taken within the year prescribed for appealing. See, as touching the question, Goodwin v. Alexander, 105 La. 658, 30 So. 102.
 

 For the foregoing reasons we are of the opinion that the motion to dismiss should not prevail.
 

 It is therefore ordered and decreed that said motion be denied.