ROGERS, Justice.
 

 Dr. Ruth G. Aleman and Dr. Lucy Scott Hill are the owners of a certain piece of property forming the • corner of South Claiborne Avenue and Cambronne Street, in the City of New Orleans. The improvements on the property consist of a single raised bungalow, designated by the Number 8415 South Claiborne Avenue.
 

 In the month of March, 1936, Drs. Ale-man and Hill brought suit to recover damages in the sum of $4,500 against the City of New Orleans, R. P. Farnsworth and Company, and the Sewerage and Water Board. The damages were alleged to be due for repairing and reconstructing, in part, the premises No. 8415 South Claiborne Avenue, which plaintiffs averred had been damaged by the negligent use of a pile driver, concrete mixer, and other canal digging machinery in constructing a culvert in an open canal, known as Claiborne Canal, situated in front of plaintiffs’ property.
 

 After the case had been in court for more than a year, plaintiffs impleaded, as an additional defendant, the Royal Indemnity Company, which plaintiffs alleged had guaranteed Farnsworth and Company' against any claims for damages by the general public.
 

 Issue was joined by all the defendants on plaintiffs’ claim of negligence and demand for damages for the alleged necessary repairs to their property. Farnsworth and Company and its surety, Royal Indemnity Company, denied plaintiffs’ allegations of negligence, averred that no piles had been driven within 600 feet of plaintiffs’ property, showed that the concrete mixer and other machinery used was «standard and proper, and that all the work on the culvert had been performed in accordance with the plans and specifications. The Sewerage and Water Board averred that if plaintiffs’ property was damaged due to negligence, which it denied, the damages were due by the contractor alone, as the Sewerage and Water Board was not and could not be held liable for that which the contractor was alone responsible and over which the Sewerage and Water Board had no control. Respondent further averred that whatever damage plaintiffs’ property suffered, if any, was of long standing and was due to a gradual subsidence of the soil and the heavy traffic on South Claiborne Avenue.
 

 The City of New Orleans denied all the material allegations of plaintiffs’ petition.
 

 At the conclusion of' the trial in the district court, plaintiffs, through their counsel, moved for the entry of a voluntary non-suit against Farnsworth and Company, the Royal Indemnity Company, and the City of New Orleans. This motion was granted. Plaintiffs then attempted to file a supplemental petition against the remaining de
 
 *433
 
 fendant, Sewerage and Water Board, alleging a new act of negligence on the part ■of the Sewerage and Water Board, namely, that the Board, in the course of the construction of the culvert in the canal, had negligently permitted the lowering of the water level, or water table, in the vicinity of plaintiffs’ premises and that, by reason ■of its negligence, was primarily- responsible for the damages to plaintiffs’ property. Plaintiffs further alleged that “the damage to petitioners’ property without compensa-, tion is in violation of Article 1, section 2 of the Constitution of Louisiana.” The trial judge, after a hearing on a rule to show cause, refused to permit plaintiffs to file the supplemental petition.
 

 Upon the submission of the case on the merits, the trial judge rendered a judgment dismissing plaintiffs’ suit against the Sewerage and Water Board as in case of nonsuit. Plaintiffs appealed from the judgment, and the Sewerage and Water Board has answered the appeal, praying that the judgment be amended by making it a judgment rejecting plaintiffs’ demand instead of a judgment of nonsuit.
 

 We do not find any force in plaintiffs’ contention that the case is governed by section 2, Article 1 of the Constitution of 1921, providing that private property may not be damaged for public purposes without adequate compensation paid therefor. Plaintiffs made no such claim in their original petition, and their supplemental petition, in which, for the first time,'1 they set up the claim in the form of a general allegation, was rejected by the trial judge on the ground that it' came too late, changed the issue, and created a new cause of action. The ruling of the trial judge was clearly correct.
 

 A claim for compensation under the constitutional provision is wholly inconsistent with a demand for recovery in an action in tort. Negligence is not an element of recovery in the former case, whereas it is the basis of recovery in the latter case. The measure of recoverable damages in a suit predicated on the constitutional provision is the diminution of the market value of the property. Harrison v. Louisiana Highway Commission, 191 La. 839, 186 So. 354. On the other hand, the measure of recoverable damages for injury to property by tort is the cost of restoration and the value of the lost use. Sherwood v. American Railway Express Co., 158 La. 43, 103 So. 436.
 

 Plaintiffs argue that the pleadings were enlarged by evidence admitted without objection and that such evidence should be considered by the Court in determining the issue presented. But the admitted evidence was not of a character to change plaintiffs’ action from one in tort to one for compensation. The evidence produced on the trial of the case was in conformity to the allegations of the original pleadings. Plaintiffs’ evidence was offered in an attempt to establish the negligence of defendants and the cost of restoring plaintiffs’ property to its former condition. On the other hand, the defendants’ evidence was offered for the purpose of refuting plaintiffs’ charge of negligence and in support of its claim that the injury was caused by the subsidence of the soil
 
 *435
 
 resulting throughout the city generally on completion 'of its drainage system and, therefore, was damnum absque injuria.
 

 The Sewerage and Water Board, in its brief, suggests that it is an instrumentality of the State, exercising governmental functions in respect to sewage and drainage and that, therefore, it is not liable for the tortious acts of its agents in discharging those functions. But it does not appear from the record that defense was raised and passed upon by the district court. On the pleadings and the evidence, the case comes, before us as ah ordinary action for damages alleged to be due plaintiffs for repairs to their building, which they averred had been injured by the negligent use of a pile driver, concrete mixer, and other machinery in the construction of a culvert in a canal in front of their property.
 

 We have examined the record carefully and our conclusion is that the plaintiffs have not made out their case with the legal certainty that is required.
 

 The record discloses that Dr. Ruth G. Aleman and her coheirs purchased the property No. 8415 South Claiborne Avenue on February 3, 1927, in the succession proceedings of their deceased parents. At that time the improvements on the property consisted of a single bungalow on a lot of ground measuring 33 feet front by 120 feet in depth. Subsequently, Dr. Aleman acquired the interest of her coheirs and on October 14, 1928, she contracted with Burdette A. Russ to elevate the building, put in a basement, and construct an ornamental brick porch. On October 24, 1928, Dr. Aleman sold to Dr. Lucy Scott Hill an undivided half interest in the property.
 

 On South Claiborne Avenue was an. open canal known as the Claiborne Canal. In the latter part of 1935, the Sewerage and Water Board entered into a contract with R. P. Farnsworth and Company to-close the canal by constructing therein an enclosed concrete culvert. The engineers of the Sewerage and Water Board had general supervision of the work, during the operation of which the canal was. pumped dry in 60-foot sections and an additional excavation of some 3 feet was made below the bottom of the canal.
 

 Plaintiffs claim that the operations of Farnsworth and Company caused the-ground upon which their building is constructed “to slough, subside and slope-towards the canal, causing the walls, brick, work, foundations to crack necessitating an expenditure of $4,500.00 to restore the damage” to their property.
 

 The evidence shows that the work of Farnsworth and Company was done according to the plans and specifications and. that the contratctor took every precaution to protect the property adjacent to the-work. Plaintiffs admit that the contractor properly carried out the provisions of its-contract with the Sewerage and Water-Board.
 

 The evidence produced by plaintiffs to support their allegation, that the operations of Farnsworth and Company caused the ground upon which their building is constructed to subside and slope towards the canal causing the walls, brick work and foundations to crack, is flatly contra-
 
 *437
 
 •dieted by the evidence produced on behalf •of the Sewerage and Water Board.
 

 It may be true, as contended by plaintiffs, that when their contractor, Burdette A. Russ, completed his contract to practically reconstruct the building in 1928, he left the building in first-class condition, but it does not follow from this that the building was in perfect condition seven .years later when the Sewerage and Water' Board, through Farnsworth and Company, undertook to construct the culvert in Claiborne Canal.
 

 Plaintiffs’ main complaint is that their building slopes several inches towards the front and that the front porch has dropped away from the building 4 to 6 inches. While plaintiffs produced some testimony tending to show that this was caused by the work that was done in the canal, the Sewerage and Water Board produced .testimony tending to show that such was not the case.
 

 The testimony produced on behalf of the plaintiffs was to the effect that the ■damage to their building was caused by the failure of the contractor, under the supervision of the Sewerage and Water Board, to properly shore or brace the work ■and to backfill the excavation with the proper material.
 

 The testimony produced on behalf of the Sewerage and Water Board was to the effect that the settlement of plaintiffs’ building, which was located approximately 80 feet from the bank of the canal, was not due to faulty plans and specifications, or to the improper performance of the work; that the canal was lined with interlocking wood sheet-piling which was practically watertight; that there was no sloughing of the banks of the canal during the progress of the work, and that there was no necessity to brace them to prevent their slipping; that the canal was braced originally, and that when the braces were taken out as the work progressed, the concrete bottom was poured, producing a solid concrete support across the bed of the canal. That the front porch was too heavy a type of construction for the character of the soil; that' the cracks in the steps were of long standing; that the mortar between the bricks had fallen out, and the cracks themselves were filled with cobwebs and an accumulation of dirt.
 

 The engineers in charge of the work, as well as the former city engineer who, at the time of the trial, was employed as a drainage engineer by the Sewerage and Water Board, observed conditions at the scene of the operations near plaintiffs’ property. From their observations and from their knowledge of soil conditions existing throughout the City, they came to the conclusion, and so testified, that the settlement of plaintiffs’ building was due mainly to the subsidence of the soil due to the lowering of the water table resulting from the improved drainage system of the City. One of these experts testified that in addition to the lowering of the water table throughout the City over a period of years, two or three camphor trees, located in front of plaintiffs’ property, also caused a subsidence of the soil affecting the front porch and steps.
 

 Plaintiffs did not sustain their charge of negligence by a preponderance
 
 *439
 
 of the evidence. Plaintiffs themselves realized this at the conclusion of the trial in the district court. When all the evidence had been produced on the issue of negligence, plaintiffs asked that they be permitted to enter a voluntary nonsuit against the three codefendants of the Sewerage and Water Board. They also announced that they would rest their case against the Sewerage and Water Board, the remaining defendant, solely upon the constitutional article providing for adequate compensation to persons whose property is damaged for public purposes. It is clear thaj: plaintiffs would not have made that motion and announcement, if plaintiffs had not discovered or had not become convinced that they failed to make out their case.
 

 For the reasons assigned, the judgment appealed from is affirmed.