61 So.2d 734

HEBERT et ux. v. T. L. JAMES & CO., Inc., et al.

In re INTERVENTION OF DEPARTMENT OF HIGHWAYS.

No. 40710.

Nov. 10, 1952.

Lemuel C. Parker, J. Elton Huckabay, D. Ross Banister, W. Crosby Pegues, Jr., and Joseph A. Loret, Baton Rouge, for intervener-appellant.

Elton A. Darsey, Houma, for plaintiffs-appellees.

MOISE, Justice.

The plaintiffs in this suit seek an injunction to prevent T. L. James & Company, et al. from widening the right-of-way over the front portion of their property on which a public road has existed for many years. They pray for judgment against defendants, in solido, in the sum of $725, plus interest from date of judicial demand.

The State Highway Department has intervened, contending that it has the right to appropriate the additional portion of plaintiffs' property, without compensation, for the purpose of widening the present road. It argues that this road was established and is maintained under the servitude imposed by law for public roads on the borders of navigable streams, relying on Articles 665 and 707 of the LSA–Civil Code. It asserts that "* * * should the relief prayed for by said plaintiffs in their said petition be granted, intervener will suffer damages far in excess of Two Thousand ($2000) Dollars."

On the trial of the merits, judgment was rendered in favor of the plaintiffs and against defendants and intervener, perpetuating the writ of injunction and condemning defendants to pay plaintiffs $725 damages, with interest and costs.

The Department of Highways and the defendants have appealed.

From our examination of the record, it does not appear that this Court has jurisdiction of this case. The prayer of the petition itself and the judgment rendered show the amount involved is only the sum of $725. Nowhere in the record is this amount shown to be increased or enlarged upon.

Article VII, Section 10 of the Constitution of 1921 provides that

"* * * [this Court] shall have appellate jurisdiction in civil suits where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest * * *."

See Cannella v. Succession of Cannella, infra; Nelson v. Continental Asphalt & Petroleum Co., 157 La. 491, 102 So. 583, and Baker v. Duson, 192 La. 391, 188 So. 40.

The Constitution itself also answers intervener's contention for Section 1 of Article VII provides:

"In all cases where there is an appeal from a judgment on a reconventional or other incidental demand, the appeal

shall lie to the court having jurisdiction of the main demand. If there be no right of appeal on the main demand, the appeal shall lie to the court having jurisdiction of the reconventional demand." ·

In the case of Cannella v. Succession of Cannella, 216 La. 464, 43 So.2d 795, 797, we said:

"The provision that the appellate court having jurisdiction of the main demand is the court that has jurisdiction on an appeal from a judgment on a reconventional or other incidental demand, which presently appears in Section 1 of Article VII of the Constitution, was also contained in the Constitutions of 1898 and 1913, being Article 95 in each of those Constitutions."

In the Succession of Solari, 218 La. 671, 50 So.2d 801, 802, it was stated:
"* * * Reconventional and incidental demands merely follow the main demand. Opelousas St. Landry Bank & Trust Co. v. Fontenot, 173 La. 430, 137 So. 339 and the authorities cited therein."

Under the provisions of Act No. 19 of 1912, Louisiana Statutes Annotated–Revised Statutes 13:4441, we are authorized to transfer an appeal to the proper court rather than dismiss it. Therefore,

It is ordered that this case be transferred to the Court of Appeal, First Circuit, the

transfer to be made within 30 days from the date on which this decree shall become final; otherwise, the appeal shall be dismissed. Costs of this appeal to be borne by the defendant, all other costs to await the final disposition of this litigation.