HAWTHORNE, Justice.
After trial on the merits the lower court rendered a judgment perpetuating and mak *425 ing final a prohibitory writ of injunction, which had been issued after hearing of a rule nisi, maintaining plaintiffs in the peaceful possession of their property and enjoining the defendants, T. L. James & Company, Inc., and Leverne E. Tadlock, and the intervenor, Department of Highways, from disturbing plaintiffs in their possession, and also condemning the defendants, T. L. James & Company, Inc., and Leverne E. Tadlock, to pay $725 damages to plaintiffs.
From this final judgment separate appeals were taken to this court by the intervenor, the Department of Highways, and by the defendants, T. L. James & Company, Inc., and Leverne E. Tadlock. The intervenor’s appeal bears No. 40,970 on the docket of this court, and the defendants’ appeal No. 40,971.
This is the second time this case has been before us on appeal. After trial of the rule nisi and the issuance of the preliminary injunction, intervenor, the Department of Highways, appealed devolutively to this court. In considering that appeal, No. 40,-710 on our docket, we concluded for the reasons stated in our opinion that we did not have appellate jurisdiction of the case, .and ordered that appeal transferred to the Court of Appeal, First Circuit. See Hebert et ux. v. T. L. James & Co., Inc., 221 La. 1044, 61 So.2d 734.
The intervenor, Department of Highways, has filed a motion in the instant case ±o transfer its appeal to the Court of Appeal, First Circuit, citing and relying on our decision, supra, which held this court to be without appellate jurisdiction of the case. That decision of this court is controlling here, and therefore the motion to transfer will be sustained.
For the reasons assigned, this appeal is ordered transferred to the Court of Appeal, First Circuit, provided that the record be filed in that court within 30 days from the date on which this decree shall become final; otherwise the appeal shall be dismissed. Costs in this court, insofar as allowed by law, are to be paid by the intervenor-appellant, Department of Highways. All other costs are to await the final disposition of this litigation.