72 So.2d 754 (1954)
HEBERT et ux.
v.
T. L. JAMES & CO. et al.
No. 3841.
Court of Appeal of Louisiana, First Circuit.
April 26, 1954.
*755 W. Crosby Peguez, Jr., D. Ross Banister, Jos. A. Loret, Baton Rouge, for appellants.
Elton A. Darsey, Houma, for appellees.
CAVANAUGH, Judge.
The history and facts of this litigation are fully covered in our opinion, reported in 64 So.2d 478, and that of the Supreme Court reversing our judgment in 70 So.2d 102. All of the issues in the case have been disposed of except the question of damages to which plaintiffs are entitled to recover of the defendants for the trespass committed upon their property.
*756 Plaintiffs claim $725 damages consisting of the following items:

1. Disturbance of possession of
 plaintiffs $200.00
2. Land taken away from plaintiffs'
 yard 200.00
3. Destruction of plaintiffs' vegetables 25.00
4. Cost of replacing ground taken
 from plaintiffs' yard 300.00
 _______
 Total $725.00

The Trial Judge awarded the full amount sued for by plaintiffs without assigning any reasons for the basis of his award when he made the injunction permanent against the defendants and the Department of Highways. An appeal was taken to the Supreme Court from this judgment and transferred to this Court on motion of appellants. Hebert v. T. L. James & Co., 223 La. 424, 65 So.2d 899, 900.
The appellants have made no appearance in this court by brief or argument on the quantum of damages claimed by plaintiffs but previous briefs filed by them have been studied along with the record in this case. The appellant, T. L. James & Company, Inc., filed no answer in the case, and the other defendant, L. E. Tadlock, appeared in his own proper person. The Department of Highways intervened in the suit and joined the defendants in resisting the plaintiffs' demands. The plaintiffs never asked or sought a money judgment against the Department of Highways.
The record in this case shows that the damages and injuries to plaintiffs' land, as well as the disturbance of their possession by defendants, were caused by defendants in constructing a State Highway in Terre-bonne Parish. In widening the right of way for the concrete slab proposed to be constructed by defendant, T. L. James & Co., Inc., defendants' road machine cut into plaintiffs' yard and driveway 2 or 3 feet and 8 or 10 inches in depth and removed therefrom approximately 250 yards of dirt. The defendant, L. E. Tadlock, was the superintendent in charge of the work of the contractor, T. L. James & Co., Inc.
The first question for us to determine is whether this suit is to be considered as a tort action pure and simple, or whether it is a possessory action coupled with a claim for damages, or whether the suit is for damages claimed by plaintiffs to their property under Section 2 of Article 1 of the Constitution of Louisiana for the year 1921. We mention these various types of claims because the relief and quantum of damages to be awarded to the plaintiffs and the other matters and things to be considered in assessing them vary according to the law upon which the claim and relief are predicated.
"A claim for compensation under the constitutional provision is wholly inconsistent with a demand for recovery in an action in tort. Negligence is not an element of recovery in the former case, whereas it is the basis of recovery in the latter case. The measure of recoverable damages in a suit predicated on the constitutional provision is the diminution of the market value of the property. Harrison v. Louisiana Highway Commission, 191 La. 839, 186 So. 354. On the other hand, the measure of recoverable damages for injury to property by tort is the cost of restoration and the value of the lost use. Sherwood v. American Railway Express Co., 158 La. 43, 103 So. 436." Aleman v. Sewerage and Water Board, 196 La. 428, 199 So. 380, 382.
The record in this case shows that under the contract between the Department of Highways and the defendants, the Department of Highways agreed to provide the right of way for the construction of the road. Any wrong or damage done to plaintiffs' property or any wrongful invasion of plaintiffs' possession of that property was brought about by the Department of Highways' not procuring the necessary right of way from the plaintiffs before it ordered defendants to commence construction. Plaintiffs' property was damaged and was attempted to be taken away from them for public purpose before adequate compensation was paid. They were successful in enjoining the defendants and the Department *757 of Highways from constructing the road or widening the right of way for the road in front of their property until they were paid adequate compensation. Plaintiffs could have in this suit if they had so elected sued the intervenor, Department of Highways, for the value of the strip of land covered by the survey and for the other damages suffered to their property, but they did not elect to resort to this method but are here claiming damages they suffered prior to the time the injunction was issued. If the Department of Highways had acquired the strip of land belonging to plaintiffs upon which the right of way was to be widened, then plaintiffs would have been entitled to recover the market value of that strip, as well as the damages their other property suffered incidental to that taking. The taking of that property by the Department of Highways for road purposes was enjoined until it was acquired for such purposes by due process of law. The damage done to plaintiffs was caused by defendants in the exercise of the right of eminent domain in the construction of a public road. Angelle v. State, 212 La. 1069, 34 So.2d 321, 2 A.L. R.2d 666. We have examined the cases where the land owner's property was encroached upon and appropriated for highway purposes when it was not within the boundaries of the right of way or where no right of way had been given and one was appropriated or where his property was damaged or taken without adequate compensation being paid. Whatever damages the plaintiffs claim in this case fall under Article 1, § 2 of the Constitution of 1921, which provides that:
"Private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid."
Under this provision of the Constitution, private property may not be damaged for public purposes without compensation being paid therefor. Prior to the adoption of the Constitution of 1879, the word "damage" was not contained in any of the prior constitutions of this State, but the present Constitution is a substantial reproduction of the article and section as contained in the Constitutions of 1879, 1898 and 1913. No damage could be claimed unless the property was actually taken. Harrison v. Louisiana Highway Commission, 191 La. 839, 186 So. 354.
The evidence in this case shows that the total quantity of earth removed from plaintiffs' land was 250 yards, and he asked damages for this item in the sum of $200. This earth or dirt was placed on the highway and part of it on the highway in front of plaintiffs' property. Plaintiffs claim $300 damages for replacing this 250 yards of earth on their property to make it in the same condition as it was before the trespass or invasion was committed by the defendants. It appears to us that if the plaintiff recovers the value of the earth removed from his property, he would not be entitled to recover for a quantity of earth placed back on the property to make it in the same condition as it was before the earth was removed because if the defendant has to pay for the earth or dirt it removed from his land in the construction of the highway, then surely it could not be required to pay to replace that earth on his land which it had already paid for removing. The cases we have examined hold that where an owner's land is encroached upon or trespassed upon for right of way purposes and dirt is removed therefrom, the owner is only entitled to recover for the value of the dirt removed and not entitled to recover for the same quantity of dirt replaced as well as the cost of replacement because he would be, in effect, collecting twice for the same item. The facts in this case are similar to the facts in the case of Booth v. Louisiana Highway Commission, 171 La. 1096, 133 So. 169. It was there held that where the Highway Commission, in constructing a road, took possession of property without authority and removed therefrom a quantity of dirt for road purposes, it was required to compensate the landowner for the value of the dirt removed. The plaintiff in that case was awarded $400 for 1500 cubic yards of *758 dirt removed from his land but his claim for replacement of the dirt was rejected. In addition to the removal of the earth, a portion of plaintiffs' shell driveway was destroyed, and taking this into consideration with the quantity of dirt removed and the sloping of the boundary of plaintiffs' property adjoining the highway, we are not prepared to say that the Trial Judge's allowance of $200 is excessive, and we approve that item.
The item of $200 for disturbance of plaintiffs' possession cannot be sustained under the law, for the reason that whatever the defendants did in the matter in disturbing the plaintiffs in their possession of the property was for a public purpose under a public contract with the Department of Highways. That body under the contract was required to provide and furnish the right of way in order to prevent the contractor's incurring any delay in the performance of the contract. The plaintiffs are not entitled to recover of the defendants for the mental worry or other disturbance flowing from their acts in executing the contract with the Department of Highways. Nagle v. Police Jury of Caddo Parish, 175 La. 704, 144 So. 425.
The only other item of damage claimed by plaintiffs is the loss of turnips or mustard greens which they claim defendants destroyed in operating the road machine and other road equipment prior to the issuance of the injunction and for which the Lower Court awarded $25. Plaintiffs are entitled to recover for this item. De Moss v. Police Jury of Bossier Parish, 167 La. 83, 118 So. 700, 701, 68 A.L.R. 336.
For the reasons assigned, the judgment of the Lower Court in awarding the plaintiffs $725 as damages is amended by reducing the sum to $225, representing the value of the dirt and damages to plaintiffs' land and driveway and the value of the turnips and mustard greens destroyed. The judgment as thus amended is affirmed, with the cost of court on defendants.