REID, Judge.
Plaintiff, Gulf States Utilities Company brought this suit against Herman J. Fau-cheaux Et A1 for damages for the destruction of an electric light pole in the Parish of East Feliciana. The suit was brought against Herman H. Faucheaux, the owner of a truck and his driver David L. George. The amount sought was $610.48 plus interest at the rate of 5% per annum from date of judicial demand until paid and costs.
No service was made on David L. George. Defendant Faucheaux filed an answer denying all the allegations in general.
The suit was tried and the Judge of the Lower Court rendered judgment in favor of the plaintiff in the amount prayed for, less a credit of 25% for depreciation. From this judgment the plaintiff prosecutes this devolutive appeal.
There is very little dispute about the facts. Plaintiff Faucheaux had employed David Louis George as a truck driver, driving a gravel truck. On the morning of October 13,4958 the said David George was driving a truck belonging to Mr. Faucheaux and acting within the scope and course of his employment. He was going to a gravel pit near Jackson from Clinton where the truck had been stored. When he arrived .near McManus the foreman of the job stopped him and told him to go back and see what had happened to another truck. He turned around and started back on Highway 10 in the direction of Clinton. When he reached a point about a mile and a half east of McManus he lost control of the truck. The truck left the road and struck an electric light pole belonging to plaintiff on which was an electric transmission line, being a 34,000 volt transmission. As a result the pole was broken off, caught on fire, the wires caught on fire and there was some damage on the ground at the foot of the pole. Plaintiff sent a crew out and made the necessary repairs to restore the electric service and the total bill amounted to $610.48, being $434.92 for labor, $46.80 for transportation and $128.76, net, for materials. There is no dispute about these amounts.
The driver of the truck took the witness stand on cross and on direct and admitted the accident, admitted losing control of the truck, and that the truck had struck the utility pole» He was picked up by someone and taken to the hospital after the accident, although it does not appear that he was hurt at all.
The only specification of error claimed by the plaintiff is that it is entitled to recover the full cost of repairing or restoring the facilities damaged in the accident and it was error for the Trial Court to permit plaintiff to recover only a depreciated amount.
Defendant took no appeal, nor did he file any answer to the appeal. Therefore, the only question before this Court is the correctness of the Judge’s ruling in allowing a 25% depreciation for the total amount rendered as damages for this accident. The Trial Judge r’endered no written reasons for judgment so this Court is at a loss as to what were his reasons for his decision.
Plaintiff relies on several cases in support of his contention that depreciation is *406 never allowed as a credit against an award of judgment in this type of accident. In one of the earlier cases, Southwestern Electric Power Company v. Canal Insurance Company, La.App., 121 So.2d 769 our Brethren of the Second Circuit held as follows:
“The contention of counsel for appellant is that forasmuch as the pole has depreciated over a period of thirty years upon the hooks of the company that all items of expenses incurred by plaintiff should be depreciated over the same period of time and plaintiff, in fact, should be permitted on account of these other items the sum of $52.40 and no more. The total expenses incurred by plaintiff were actual, direct out-of-pocket expenses incurred by reason of the tortious act. Plaintiff is, in our opinion, entitled to recover its actual loss in wages and material and is entitled to be restored in the same position it was in prior to the accident.”
The effect of the judgment was that the plaintiff recovered the actual losses in wages and material, including labor, in removing the damaged pole to be restored to the same position it was in prior to the accident, and was not restricted to recovery of the depreciated value of the pole, nor to depreciated value of the pole plus the amount of expenses occasioned depreciated to the same extent the pole was depreciated.
In Mosely v. Sears, Roebuck & Co., La. App., 167 So.2d 408 this Court held that plaintiff was entitled to reimbursement for such restoration disregarding any consideration of allowance for depreciation.
See also Hebert v. T. L. James & Co., La.App., 72 So.2d 754; and Maryland Casualty Co. v. Rittiner et al., La.App., 133 So.2d 172.
In the Rittiner case, supra, we held that the plaintiff was entitled to recover the difference between the market value of a building before the fire and the amount received for it in its damaged condition.
For the foregoing reasons it is ordered; that the judgment of the Lower Court be-amended by disallowing the credit of 25%. for depreciation and as amended the judgment of the Lower Court be affirmed.
Amended and affirmed.