612 So.2d 120 (1992)
Charles BARNES, Jr.
v.
L.M. MASSEY, INC. and Westmoreland Casualty Company.
No. CA 92 0395.
Court of Appeal of Louisiana, First Circuit.
October 16, 1992.
Rehearing Denied December 30, 1992.
Writ Denied March 19, 1993.
*121 Thomas Hogan, Jr., Hammond, for plaintiff-appellee.
Iddo Pittman, Jr., Hammond, for Cavenham Forest Industries, Inc. first appellant.
Charles V. Genco, Amite, for defendant-second appellant L.M. Massey.
Leon A. Aucoin, Janice Unland, Metairie, for Westmoreland Cas. Ins. Co., appellee.
Henry G. Terhoeve, Baton Rouge, for La. Ins. Guar. Assoc., appellee.
Before EDWARDS, SHORTESS and CRAIN, JJ.
*122 EDWARDS, Judge.
This appeal arises from a judgment rendered in favor of the plaintiff-appellee, Charles Barnes, Jr. (Barnes), and against defendants, L.M. Massey, Inc. (Massey) and Cavenham Forest Industries, Inc. (Cavenham) awarding accelerated worker's compensation benefits, medical expenses, penalties, attorneys' fees and costs. Defendant Massey appeals, seeking reversal of the trial court's judgment. Defendant, Cavenham, also appealed, but subsequently settled with the plaintiff and dismissed its appeal. Plaintiff, Barnes, answered the appeal, seeking a modification of the trial court's judgment to reflect that the defendants, Massey and Cavenham are liable in solido, and also seeking damages for frivolous appeal and sanctions against appellant and appellant's attorney.
We note at the outset that the record in this case is reprehensible; what should have been a fairly simple worker's compensation claim has needlessly burdened the court system for seven years. Every party involved in this litigation has committed various errors and/or omissions which contributed to the procedural anomaly, which is the record before us. LSA-C.C.P. art. 2164 commands us to "render any judgment which is just, legal, and proper upon the record on appeal." However, errors not raised below nor assigned as error on appeal need not be addressed by this court, unless the interests of justice so require. See Uniform Rules, Courts of Appeal, Rule 1-3. Therefore, after a thorough review of this record, we address those errors assigned, as well as certain other errors which, in the interest of justice and pursuant to LSA-C.C.P. art. 2164, require our attention.

Background Facts and Procedural History
In 1984, Barnes was employed as a logger and truck driver for Massey, who in turn was employed by Cavenham. On August 10, 1984, Barnes was injured while he was unloading timber from one of Massey's trucks at the Cavenham mill. Following the accident, Westmoreland Casualty Company, Massey's worker's compensation insurer, paid Barnes weekly benefits, in the amount of $166.75, for temporary total disability. On August 24, 1985, Westmoreland recalculated the amount of benefits and continued to pay Barnes reduced payments of $130.13 a week. Barnes filed suit against Massey and Westmoreland disputing the calculation of his average weekly wages. On December 6, 1985, trial was held and the trial court rendered judgment on February 24, 1986, in Barnes' favor, and against Massey and Westmoreland, awarding benefits of $166.75 per week. That judgment was affirmed on appeal, and amended to reflect a minor mathematical correction setting the amount of benefits due plaintiff at $166.67 per week. (Barnes v. Massey, 501 So.2d 348 (La.App. 1 Cir. 1987), unpublished opinion). Thereafter, Westmoreland resumed paying the benefits until its insolvency in September, 1988. Upon cessation of payments from Westmoreland, Barnes made unsuccessful demand on Massey for payment of his benefits due pursuant to the February 24, 1986 judgment. Thereafter, Barnes filed an action in the trial court praying for an acceleration of benefits owed by Massey, based on Massey's refusal to comply with the judgment, and additionally asserting a claim against Cavenham, alleging it to be his statutory employer.[1]

Action of the Trial Court Massey's Liability
Trial on the merits was held on August 22, 1990. The trial court found as a matter of fact that Barnes suffered a disabling injury to his right foot, and that such injury rendered him an "odd lot" worker, (and therefore, temporarily, totally disabled) as it would require him to work in "substantial, serious and severe pain."[2] *123 The trial court rendered judgment on February 27, 1991, in favor of Barnes and against Massey for benefits of $166.67 per week from November 1, 1988, and pursuant to LSA-R.S. 23:1333,[3] accelerated such benefits, without discount, for the remainder of Barnes' expected work life, thirty years, for a total sum of two hundred seventy-seven thousand, three hundred thirty-eight dollars and eighty-eight cents ($277,338.88) with judicial interest from the date of judicial demand. The judgment further ordered Massey to pay Barnes attorneys' fees in the amount of $5,000 with judicial interest from the date of demand.

Cavenham's Liability
The trial court also found that Cavenham was Barnes' statutory employer and rendered judgment in favor of Barnes and against Cavenham for benefits of $166.67 per week from November 1, 1988, together with a penalty of 12% on each past due installment from the date due until paid, for the duration of Barnes' disability. The judgment further assessed $5,000 for attorneys' fees against Cavenham "in addition to all other amounts otherwise awarded" with judicial interest thereon from the date of demand until paid in full.
The trial court's judgment also awarded Barnes medical expenses in the amount of $876.98 with judicial interest thereon from date of demand until paid in full; this portion of the judgment was cast against Massey and Cavenham in solido. Finally, the judgment ordered Cavenham to pay 1/3 and Massey to pay 2/3 of all court costs, and specifically awarded expert witness fees of $250 each for Drs. Kucharchuk and Plauche.

Validity of Trial Court Judgment
Massey challenges the validity of the trial court judgment on two bases. First, he argues that the lower court's judgment is invalid because the opinion and judgment, although signed by the trial court, were prepared by counsel for the plaintiff without the knowledge of any other party or attorney to this litigation; however, he cites no legal authority for this position. Indeed, such position is absolutely meritless. Although it would have been better practice for the trial court to allow opposing counsel an opportunity to refute the proposed findings and then edit and modify them to accord with its own factual determinations, the failure to do so does not invalidate them as long as they are supported by the evidence. Miller v. Smith, 402 So.2d 688, 689 (J. Lemmon dissenting) (La.1981); Cooper v. Keyes Offshore, Inc., 421 So.2d 385, 388 (La.App. 1st Cir.1982); Lancaster v. Petroleum Corporation of Delaware, 491 So.2d 768, 773 (La.App. 3rd Cir.1986). Furthermore, while submission of the judgment to opposing counsel for approval is the professionally courteous practice, it is not required under the Louisiana Code of Civil Procedure. Petersen v. State Farm Automobile Insurance Company, 543 So.2d 109, 117 (La.App. 3rd Cir.) cert. denied, 546 So.2d 1223 (La.1989).
In his second assignment of error, counsel for Massey claims that the judgment is improper and invalid on its face because "there is a separate Judgment rendered against each defendant," and that theoretically the judgment would allow *124 plaintiff double recovery for one accident. The trial judge rendered only one judgment after the trial in this matter. Prior to rendering judgment, the trial court made a finding of fact that Massey was Barnes' employer and that Cavenham was Barnes' statutory employer at the time of the accident at issue. These findings of fact have not been contested and are not at issue.[4] Accordingly, as a matter of law, Massey and Cavenham are solidarily liable to the plaintiff for his compensation benefits. LSA-R.S. 23:1061; Jones v. Southern Tupelo Lumber Company, Inc., 257 La. 869, 244 So.2d 815, 817 (1971).
The judgment contains two separate paragraphs assessing liability for Barnes' worker's compensation benefits to Massey and to Cavenham individually. While we do not agree that this form renders the judgment invalid, we do find that this casting of liability is ambiguous. We assume that the trial court's intent was to render judgment against the two defendants in solido as prescribed by law; this is discernible from the inclusion in the judgment of a paragraph ordering that any weekly amount paid by one defendant be credited against the weekly benefits owed by the other. Therefore, for purpose of clarity, we grant plaintiff's request and modify the trial court's judgment to reflect that Massey and Cavenham are liable in solido for the payment of benefits due plaintiff.

Application of Worker's Compensation Benefits
Massey argues that the worker's compensation benefits were incorrectly applied and were unsupported by the evidence. Specifically, appellant takes issue with the trial court's finding that Barnes' injury rendered him temporarily totally disabled in light of the evidence presented. As we have previously noted, Massey's liability for Barnes' worker's compensation benefits was no longer at issue, having been adjudicated to finality in the February, 1986 judgment. Massey did not appeal that judgment, nor has it sought a modification (pursuant to LSA-R.S. 23:1331) of the disability determination made therein. The trial court erred in remaking that determination, and Massey cannot now complain that the prior disability determination was erroneous. The only issue in this trial regarding Massey's liability is whether Massey failed to pay benefits owed and whether such failure to pay warranted the imposition of acceleration of benefits as provided in LSA-R.S. 23:1333. The resolution of this issue is simple and clear: Massey is a judgment debtor pursuant to the February, 1986 judgment, and, together with Westmoreland, owed Barnes compensation benefits. When Westmoreland became insolvent and ceased making payments in 1988, Barnes made demand on Massey; Massey refused and failed to make any payments owed. In fact, as of the date of this appeal, Massey had not made a single payment to Barnes of the compensation owed. Therefore, the trial court correctly imposed an acceleration of benefits against Massey. See Lytell v. Strickland Transportation Company, Inc., 373 So.2d 138 (La.1979).

Failure To Use A Safety Device
Massey also attempts to assert a defense, on appeal, to Barnes' worker's compensation recoverythat plaintiff deliberately failed to use an adequate guard against accident provided for him. Again, this is urged in defense of Massey's liability, which issue is no longer before the court. Furthermore, this defense was urged at trial on behalf of Cavenham, and the trial court found that Cavenham had failed to prove the essential elements of the defense. Massey did not plead this defense or offer any direct evidence in support of it, nor did he adopt the testimony or evidence presented to the trial court on behalf of Cavenham. Therefore, we will not consider it. See Aleman v. Sewerage and Water Board of New Orleans, 196 La. 428, 199 So. 380 (1940).

*125 Medical Expenses
The trial court awarded $876.98, together with judicial interest thereon from the date of demand until paid in full, in medical expenses against Massey and Cavenham in solido. This portion of the award has not been appealed, and accordingly, it is affirmed.

Penalties and Attorneys' Fees
The trial court, in addition to accelerating the benefits owed as a penalty against Massey pursuant to LSA-R.S. 23:1333 (which finding we have affirmed), assessed a penalty against Cavenham of 12% on each past due installment until paid, presumably pursuant to LSA-R.S. 23:1201(E) and its finding that Cavenham's failure to pay was arbitrary, capricious and unreasonable. This imposition of penalty is in error. Barnes never made a demand for payment on Cavenham prior to the filing of this lawsuit; during the August, 1990 trial Cavenham's potential liability as a statutory employer was addressed and adjudicated for the first time. Therefore, Cavenham cannot be penalized for the untimeliness of payments which it did not even owe prior to this trial. Accordingly, the imposition of the 12% penalty on all past due installments against Cavenham is reversed.
The trial court also assessed attorneys' fees as penalty against Massey in the amount of "$5,000 in addition to all other amounts otherwise awarded ...;" against Cavenham in the amount of "$5,000 in addition to all other amounts otherwise awarded..." and additionally provided that the plaintiff's attorneys' fees "are hereby fixed at 20% of the first $10,000.00 awarded, and 10% of all awards in excess of $10,000.00...."
LSA-R.S. 23:1201.2 provides for the imposition of attorneys' fees as penalty to be assessed against any employer who has failed to pay a claim within sixty days of notice of same or against any employer who discontinues payments of claims due, whenever such failure or discontinuance of payments is found to be arbitrary, capricious or without probable cause. This section further provides: "The provisions of R.S. 23:1141 limiting the amount of attorneys' fees shall not apply to cases where the employer or insurer is found liable for attorneys' fees under this Section...."
For the reasons discussed above, the trial court erred in imposing any penalty against Cavenham. However, the record well supports a finding that Massey's refusal to pay was arbitrary, capricious and without probable cause. We also find that the amount fixed by the trial court as attorneys' fees is reasonable. Therefore, we affirm the entire award of attorneys' fees and amend the trial court judgment to reflect that the imposition of this penalty is against Massey, alone.

Effect of Settlement With Cavenham
Following the judgment of the trial court, Barnes entered into a settlement with Cavenham for $25,000 in which he agreed to release Cavenham from any further liability and expressly reserved his right to proceed against Massey. Counsel for Massey argues that the payment of $25,000 to Barnes by Cavenham constituted full satisfaction of the obligation owed by the two defendants and that plaintiff has no further right of recovery against either defendant. Counsel for Barnes maintains that the settlement reduced Massey's liability by $25,000. Neither position is tenable. It has long been established in our jurisprudence that when a plaintiff settles and releases one of two joint tortfeasors, reserving all of his rights against the other, the remaining tortfeasor is thereby deprived of his right to enforce contribution against the one who has been released. Since the plaintiff by his own act has deprived the unreleased tortfeasor of his right of contribution, he can recover from the unreleased tortfeasor only one half (pro-rata share) of the damages which he sustained. LSA-C.C. art. 1803; Harvey v. Travelers Insurance Company, 163 So.2d 915, 921-922 (La.App. 3rd Cir.1964); see also Weber v. Charity Hospital of Louisiana at New Orleans, 475 So.2d 1047, 1051 (La.1985); Carroll v. Kilbourne, 525 So.2d 284, 287 (La.App. 1st Cir.1988).

Frivolous Appeal
We now turn to appellee's request for the imposition of damages and *126 sanctions for frivolous appeal. LSA-C.C.P. art. 2164 provides for the imposition of damages for frivolous appeals; this provision is penal in nature and must be strictly construed. Damages will not be awarded unless it appears that the appeal was taken solely for the purpose of delay or that appealing counsel does not seriously believe in the position he advocates. Louisiana National Bank of Baton Rouge v. Belello, 577 So.2d 1099, 1103 (La.App. 1st Cir.1991). Even when the contentions on appeal are found to lack merit, but raise legitimate issues, damages for frivolous appeal are not allowed. Pension Investment Corporation of America v. East Baton Rouge Parish School Board, 583 So.2d 598, 602 (La.App. 1st Cir.1991).
Although we suspect that much of this litigation was undertaken solely for the purpose of delaying the imposition of liability, we recognize that the legal issues presented in this appeal regarding the ambiguous form of the judgment were legitimate. We are constrained to construe strictly this provision and therefore, decline to impose damages for frivolous appeal.
Therefore, in accordance with our findings, the judgment of the trial court is amended to cast liability against Massey and Cavenham in solido for the $277,338.88 owed in benefits with judicial interest from the date of demand; the medical expenses award is affirmed; and Massey is ordered to pay 50% (its pro-rata share after the release of Cavenham) of this award. Further, the 12% interest penalty assessed against Cavenham is reversed; the award of attorneys' fees is affirmed and amended to reflect that it is imposed only against Massey; the award of trial court costs is affirmed. Costs of this appeal are assessed against Massey.
AMENDED, AND AS AMENDED, AFFIRMED IN PART AND REVERSED IN PART.
SHORTESS, J., concurs in the result.
NOTES
[1] Barnes also attempted to add the Louisiana Insurance Guaranty Association (LIGA) as a defendant; however, that claim was dismissed by this court upon a finding that LIGA was not responsible for the claims against Westmoreland, a surplus lines carrier. (Barnes v. Massey, CW 90 0028, cert. denied, 561 So.2d 100 (La. 1990).
[2] The trial court erred in considering at the August, 1990 trial the merits of Massey's liability for Barnes' worker's compensation benefits. Massey's liability was judicially determined via the February 24, 1986 judgment, which cast both Massey and Westmoreland liable to Barnes for weekly benefits of $166.67. That judgment was affirmed on appeal (with a slight mathematical adjustment) and became final. No modification (pursuant to LSA-R.S. 23:1331) or appeal of such judgment has been sought by either party. Therefore, the only issue properly before the court in August, 1990 regarding Massey's liability was whether Massey failed to pay benefits owed by it, and whether such failure warranted the imposition of accelerated benefits pursuant to LSA-R.S. 23:1333.
[3] LSA-R.S. 23:1333 provides: If the employer against whom a judgment awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; but if the employee is adequately protected by insurance and receives payments thereunder this right shall not accrue. (emphasis added). LSA-R.S. 23:1333 was amended by Acts 1988, No. 938, § 1, effective January 1, 1990; however, this change does not affect this case.
[4] We note again that the issue of Massey's liability was determined with finality prior to this trial, and was not properly before the trial court at this time. The issue of Cavenham's liability as a statutory employer, on the other hand, had not yet been adjudicated and therefore, was properly considered by the trial court during the August trial.