RCHEHARDY, Judge.
In this domestic matter, the trial court partitioned the community property between the parties, granting three - of plaintiffs reimbursement claims, and denying the fourth. Defendant appealed; plaintiff answered the appeal. For the following reasons, we affirm.
According to the pleadings in the record before us, the parties were married on or about May 12, 1983, and were divorced on December 6, 1995. The division of the community property regime existing between the parties during the course of their marriage was deferred pending a partition. On July 18, 1997, defendant filed a motion for rent due, alleging that plaintiff had resided in the. community home rent-free since the parties’ separation, while defendant had to pay rent to live elsewhere. Shortly thereafter, defendant filed a motion for judicial partition of community property, and submitted a sworn detailed descriptive list of the community assets and debts.
On joint motion of the parties, the trial court appointed a real estate expert to appraise the value of the community home. On April 7, 1998, plaintiff filed his sworn detailed descriptive list,- and later filed an amended descriptive list. Defendant amended her descriptive list, and the parties thereafter entered into a joint stipula *812 tion agreement, Lnarrowing the issues to be determined by the trial court on the trial of the partition of community property-
Trial on the partition was held on October 6, 1998, where both parties testified and various exhibits were received into evidence. After trial, both parties submitted post-trial memoranda and the trial court took the matter under advisement. On November 24, 1998, the trial court rendered judgment, granting plaintiffs reimbursement claims for payments of the mortgage notes, flood insurance premiums and a termite inspection. Plaintiffs reimbursement claim for interest on the mortgage notes was denied. The trial court’s judgment thereafter divided the community assets between the parties and awarded an equalizing payment to defendant in the amount of $15,929.97.
On January 22, 1999, defendant filed a petition for devolutive appeal, which was thereafter granted by the trial court. By joint motion of the parties, and by order of this Court, the matter was remanded to allow the trial court to correct a typographical error in the original judgment concerning the physical address of the community home. The amended judgment, which was submitted by joint stipulation of the parties, was rendered by the trial court on February 18, 1999. On March 4, 1999, pursuant to La. C.C.P. art. 2133, plaintiff filed an answer to the appeal, requesting that the trial court judgment be amended to award plaintiff legal interest on the mortgage payments made by him, and for damages for a frivolous appeal.
In her appellate brief, defendant alleges two assignments of error, that “the trial court was clearly wrong in concluding that ‘there was no testimony at trial regarding any agreement regarding use and occupancy of the family home,’ ” and that “the trial court abused its discretion in holding that Appellee was entitled to reimbursement of one-half the mortgage payments he made pending partition of the former community home.” ^Additionally, defendant asserts that the trial court was correct in concluding “that legal interest was not due on the amount awarded for mortgage reimbursement.”
Upon review, we note that defendant’s first assignment of error cites a finding by the trial court in its November 24, 1998 written reasons for judgment that defendant was not entitled to rental reimbursement for plaintiff being allowed to reside in the community home during the pendency of the partition. However, the argument section of defendant’s appellate brief only addresses defendant’s second assignment of error, not the failure of the trial court to award her any rental reimbursement. Pursuant to La. U.R.C.A. rule 2-12.4, defendant’s first assignment of error regarding rental reimbursement is hereby deemed abandoned, and we will only address the argued issue of whether the trial court erred in failing to find that plaintiff and defendant reached a pre-par-tition agreement which prevented plaintiff from seeking reimbursement for one-half of the post-divorce mortgage payments he made while occupying the community home.
In her appellate brief, defendant asserts that detrimental reliance and equitable estoppel should prevent plaintiff from being reimbursed for one-half of the mortgage payments he made on the community home. Defendant further cites several excerpts from the testimony of the parties at the trial of the partition to argue that an agreement was reached.
We have reviewed the entire testimony from the October 6,1998 trial and find that while defendant may have believed that she would not be responsible for one-half of the mortgage payments which plaintiff was paying, there was no agreement by the parties to that effect. Testimony from both parties showed that they attempted to settle the partition of the community extrajudieially, and had several conversations regarding how they could amicably *813 divide their assets. While both parties testified about their | ¡^conversations regarding plaintiffs desire to reside in the home and his willingness to pay the mortgage notes during the pendency of the partition, neither party testified that they reached an agreement whereby defendant would not be responsible for her half of the notes when the partition was finalized.
It appears from her testimony at trial that defendant assumed that since she was paying rent for an apartment which was approximately the amount of the monthly mortgage notes on the home, and plaintiff agreed to pay the mortgage notes himself while he lived there, that defendant would not be responsible at some point for half of all the mortgage notes plaintiff was paying with his separate funds. To a lay person unfamiliar with the requirements of La. C.C. art. 2365, this seems equitable and just. However, La. C.C. art. 2365 mandates that without an express agreement or a court order, defendant is responsible for one-half of the mortgage notes. Further, defendant testified that she knew that she was still an obligor on the mortgage pending the partition, and admitted that plaintiff never told her that he would not ask for reimbursement when they eventually divided up the community.
After a thorough review of the record, we do not find any testimony or evidence to support defendant’s assertion that an agreement was reached which would relieve defendant of her obligation under La. C.C. art. 2365 to reimburse plaintiff for one-half of the mortgage payments he made pending the partition. The trial court was therefore not manifestly erroneous in finding that defendant is responsible for one-half of the mortgage payments made by plaintiff.
In plaintiffs answer to this appeal, he asserts that pursuant to La. C.C. art. 2000, he is also entitled to reimbursement from defendant “for legal interest on her half of each mortgage installment made by him, running from the date of each installment payment.” Plaintiff argues that he suffered “damages by the loss of use of his funds, resulting from |fithe delay in the reimbursement to which he is entitled.” While plaintiffs argument may be creative, it is not persuasive.
Civil Code article 2000 is contained in the “Damages” section of Book III, Title IV, Chapter 8, “Effects of Conventional Obligations.” While defendant had a legal obligation to pay half of the mortgage notes on the community home pending the partition, both parties testified at the trial that they agreed that plaintiff could live there and would pay the full amount of the mortgage notes pending the partition. While this agreement did not relieve defendant of her obligation to reimburse plaintiff (pursuant to La. C.C. art. 2365) for one half of the mortgage notes he paid, since the parties agreed that plaintiff would pay the notes, it clearly relieved defendant of any liability for damages (in the form of legal interest) for not paying her half of the notes when they became due. This claim is therefore without merit.
Finally, in plaintiffs answer, he asserts that defendant’s arguments on appeal are factually groundless, and that he is therefore entitled to damages for a frivolous appeal.
La. C.C.P. art. 2164 provides for the imposition of damages for frivolous appeals. It is well settled that this provision is penal in nature and must be strictly construed. Damages will not be awarded unless it appears that the appeal was taken solely for the purpose of delay, serious legal questions are not raised, or that the appealing counsel does not seriously believe in the position he advocates. Even when the contentions on appeal are found to lack merit, but raise legitimate issues, damages for frivolous appeals are not allowed. Kambur v. Kambur, 94-775 (La. App. 5 Cir.3/1/95), 652 So.2d 99, 104; citing Barnes v. L.M. Massey, Inc., 612 So.2d 120 (La.App. 1 Cir.1992), unit denied, 614 So.2d 81 (La.1993); Champagne v. Hart *814 ford, Casualty Insurance Group, 607 So.2d 752 (La.App. 1 Cir.1992).
|7In this case, while we find that the contentions on appeal are not meritorious, legitimate issues were raised with regards to plaintiffs reimbursement claim and the inequity that resulted from the apparent misunderstanding, and we do not find that the appeal is frivolous. Therefore, plaintiffs claim for damages for frivolous appeal is denied.
For the foregoing reasons, the judgment of the trial court is hereby affirmed. Costs of this appeal are assessed equally between the parties.
AFFIRMED.
CANNELLA, J., dissents with reasons.